# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NARVIS SAUNDERS : CIVIL ACTION
:
v. : NO. 09-4339
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                          SEPTEMBER 14, 2010

       Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8) and defendant's response (Doc. No. 9), the court makes the following findings and conclusions:

       1. On March 6, 2006, Narvis Saunders ("Saunders") filed for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of August 27, 2003. (Tr. 60-68; 712-718). Throughout the administrative process, including an administrative hearing held on November 8, 2007 before an ALJ, Saunders' claims were denied. (Tr. 25-38; 46-55; 722-26; 737-83). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Saunders filed her complaint in this court on September 23, 2009. (Tr. 7-11; Doc. No. 1).

       2. In his January 17, 2008 decision, the ALJ concluded, *inter alia*, that: (1) Saunders had severe degenerative disease of the lumbar spine and diabetic neuropathy of the lower extremities, and non-severe depression and HIV; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform sedentary work with a 30 minute sit/stand option; (4) Saunders could perform work existing in significant numbers in the national economy; and (5) she was not disabled. (Tr. 25 ¶ 3; 28 ¶ 1; 29 ¶¶ 1-2; 31 ¶ 3; 35 ¶ 1; 36 ¶ 6; 37 ¶ 1; 37 Findings 2, 4, & 7; 38 Finding 8).[1]

       3. This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Saunders raises two arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

    A. First, Saunders contends that the ALJ erred by failing to find severe: (1) her HIV and attendant fatigue, and (2) her depression. The ALJ concluded that Saunders' HIV infection had been asymptomatic since her onset date and was, therefore, not severe. (Tr. 29 ¶1). Saunders alleges that her HIV causes severe fatigue and proffers in support thereof: (1) a check box form[2] providing that fatigue is a manifestation of her HIV; and (2) her testimony. (Tr. 375; 769 ). However, Saunders also denied fatigue on several other occasions and her HIV has been described as stable. (Tr. 29 ¶ 1; 377-78; 643; 648; 676). I find that a reasonable mind could accept this evidence as adequate to support the ALJ's conclusion that Saunders' HIV was not severe. Therefore, the conclusion of the ALJ is supported by substantial evidence. Richardson, 402 U.S. at 401.

Regarding her depression, the ALJ found that the record did not establish that, as required under the law, Saunders' depression had lasted for a continuous period of twelve or more months. 20 C.F.R. §§ 404.1509; 416.909. As concluded by the ALJ, the medical record of Saunders' depression is rather sparse. (Tr. 28 ¶ 1). Saunders had a couple months of therapy for depression and a psychiatric review technique ("PRT") in the latter part of 2004 and then a consultative exam and a second PRT in 2006. (Tr. 341-58; 359-72; 522-29; 530-42). However, on several dates between 2004 and 2006, as noted by the ALJ, Saunders denied any symptoms of depression or anxiety. (Tr. 28 ¶ 1; 550; 559-60; 569; 577; 643; 676). As a result, I find that the ALJ's conclusion that Saunders failed to establish that her depression lasted the requisite time period is supported by substantial evidence. However, even if Saunders had been depressed for a twelve month period, the ALJ adopted the state agency findings on both the 2004 and 2006 PRTs, that Saunders' depression was not severe. (Tr. 33 ¶ 2;359-72; 530-42). The ALJ declined to accept the moderate limitations assessed in the 2006 consultative exam since the findings therein were based almost entirely on Saunders' subjective statements. (Tr. 33 ¶ 3; 522-529). Finally, the ALJ concluded that Saunders' performance of a variety of activities of daily life was the best indicator of a non-severe mental impairment. (Tr. 34 ¶ 2). As a result of the above, I conclude that the ALJ discharged his legal duty regarding his severity analyses.

---

[2] Such forms, of course, "are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993).

2

B. Second, Saunders contends that the ALJ erroneously discounted the credibility of her and her daughter's testimony.[3] "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). In the decision, the ALJ first noted a number of discrepancies between Saunders' testimony regarding her limitations and her testimony regarding her ability to perform various daily activities. (Tr. 27 ¶ 3). Later in the decision, the ALJ also set out a list of eight specific discrepancies: (1) between portions of Saunders' testimony, and (2) between her testimony and the medical evidence. (Tr. 32 ¶¶ 1-10). Saunders takes exception to this latter list and rebuts each of the ALJ's points, citing record evidence. However, in her rebuttal, Saunders exaggerates the medical findings and generally casts the evidence in the light most favorable to the plaintiff. The law forbids me from subscribing to such a standard of review. Instead, in determining whether a conclusion is supported by substantial evidence, I must ascertain whether there is "more than a mere scintilla" of evidence which reasonably supports the ALJ's conclusion. Richardson, 402 U.S. at 401; Brown, 845 F.2d at 1213. I conclude that the ALJ's credibility determination is so supported in light of, *inter alia*, the medical evidence which contradicts the level of limitation alleged by Saunders as well as her ability to perform various activities of daily living. See (Tr. 102-05; 110-12; 115-19; 271; 359-72; 386-393; 530-42; 543-48; 750-53; 759-61; 764-65).

5. After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Saunders was not disabled was legally sufficient and supported by substantial evidence. As a result, Saunders' request for relief must be denied and the decision must be affirmed.

An appropriate Order follows.

---

[3] Saunders suggests that the ALJ did not adequately address her daughter's corroborating testimony. I conclude that the ALJ adequately discharged his duty to "address the testimony of []additional witnesses" as detailed in Burnett v. Comm. Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). See (Tr. 27 ¶ 3; 32 ¶ 10).